UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN M. SMITH,

    Plaintiff,

 v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 3:13-cv-06082-JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkt. 33; *see also* Dkts. 34, 35).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that defendant's position in this matter was justified in substance and had a reasonable basis in fact and law.

Because this Court disagrees, and because the requested fees are reasonable, plaintiff's motion for statutory fees should be granted. Dkt. 33.

BACKGROUND and PROCEDURAL HISTORY

On December 8, 2014, this Court issued an Order affirming the Social Security Administration's decision to deny benefits (*see* Dkt. 23). Plaintiff appealed this decision to the Ninth Circuit Court of Appeals on February 6, 2015 (Dkt. 25). On August 3, 2017, the Court of Appeals issued a Memorandum which reversed and remanded this matter to the Administration for further proceedings (Dkt. 28).

The Ninth Circuit Court of Appeals found that the ALJ erred when reviewing the medical evidence and when failing to credit fully medical opinions (*see id.*, pp. 2, 6). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful errors (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* ECF Nos. 33, 34). Defendant asserts that her position was substantially justified and that no attorney fees should be awarded under the EAJA. Dkt. 34, pp. 3-4). Plaintiff filed a reply (*see* ECF No. 35).

//

//

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

//

//

//

DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order re: Mandate, Dkt. 30). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Court notes that the fact that the Administration did not prevail on the merits does not compel the conclusion that its position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988)) (*citing Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). The Court also notes that when determining the issue of substantial justification, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014)).

The Supreme Court squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact'

formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court is to focus on whether or not the Administration was substantially justified in taking its original action; and, in defending the validity of the action in court. *Id.* at 1259 (*citing Kali*, *supra*, 854 F.2d at 332). However, "if 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether or not the government's litigation position was justified. *See Toebler*, *supra*, 749 F.3d at 832 (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). That is precisely the situation here.

Defendant, in essence, takes the position that since the District Court found that defendant's position was justified, even though the Ninth Circuit reversed, no attorney fees should be awarded. *See* Dkt. 34, pp. 2-3. If this were the standard, then plaintiffs would never recover attorney fees even though they were successful after appealing to the Ninth Circuit and having the district court reversed. This should not be the standard.

As noted by plaintiff, the Ninth Circuit has indicated that it is a "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in 'reasonable, substantial, and probative evidence in the record.'" *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002) (citations omitted).

Plaintiff persuasively argues as follows in his Reply in support of his fee petition:

> In its decision on the merits, the Ninth Circuit reversed the ALJ's decision because the ALJ improperly rejected [plaintiff's] testimony regarding his level of pain and the extent of his symptoms, and the ALJ also improperly rejected the medical evidence largely based upon his improper rejection of [plaintiff's] testimony. (Internal citation to Dkt. 28, pp. 2-7). Based on these errors, the Ninth Circuit remanded [plaintiff's] claims for new hearing.
> On the issues upon which the Ninth Circuit remanded this case, neither the ALJ's decision or the Commissioner's defense of that decision had a reasonable basis in law or in fact. However, because the ALJ's on these issues was not substantially justified, this Court need not address whether the government's litigation position was substantially justified.

Dkt. 35, p. 3 (footnote and citations omitted).

As noted by plaintiff, defendant "argues that 'the ALJ discredited several physicians' opinions because they relied on incorrect information about plaintiff's drug and alcohol abuse; but, [defendant] here is citing to the District Court's decision that was reversed by the Ninth Circuit." *Id.* As further noted by plaintiff, it is "the Ninth Circuit's analysis that must be looked at to determine whether the ALJ's decision was substantially justified." *Id*.

Although the Ninth Circuit agreed with this Court that plaintiff had made inconsistent statements over the course of numerous years regarding his drug and alcohol use, the Ninth Circuit noted that there were other years during which his allegations appear to have been consistent with the medical record, and perhaps more importantly, that this factor alone was insufficient to justify the failure to credit fully plaintiff's allegations. Dkt. 28, pp. 2-7. Therefore, the ALJ's written decision did not have a reasonable basis in law or fact.

Therefore, the government's underlying position was not substantially justified. *See Guiterrez*, *supra*, 274 F.3d at 1258 (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565).

The Court also concludes that there are no special circumstances which render an EAJA award in this matter unjust.

Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. The

Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results. Therefore, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e] *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra*, 488 F.2d at 717-19, and *Kerr, supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

Rules of Professional Conduct 1.5.

Given the facts and circumstances of the matter herein, and based on the briefing, declarations and attorney time sheet, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $36.54 and for attorney's fees in the amount of $15,192.95.

This attorney's fee ($15,192.95) portion is $14,801.05 ($14,281.05 in attorney fees and $520 in paralegal fees) for the main case (including appeal to the Ninth Circuit), plus $391.90 (2.0 x $195.95) for the reply, representing 75 attorney hours of work in the main case (and 5.2 paralegal hours), as well as two hours defending his fee petition.

Plaintiff also is awarded $397.20 in costs.

## CONCLUSION

Plaintiff's request for $36.54 in expenses is granted.

Plaintiff is awarded $15,192.95 in attorney's fees.

This motion for attorney's fees and expenses (Dkt. 33) is granted pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff also is awarded $397.20 in costs pursuant to 28 U.S.C. § 1920.

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's

counsel, either by direct deposit or by check payable to Eitan Kassel Yanich, Esq., based on plaintiff's assignment of these amounts to plaintiff's attorney. The checks for EAJA fees, expenses and costs shall be mailed to plaintiff's counsel at Eitan Kassel Yanich, Esq., PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 9th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge